PETER G. FRITCHER, PLAINTIFF, v. JACOB J. ANTHONY, DEFENDANT.

*Easement — reservation of right to the grantee to conduct water over the land sold — owner of servient estate not bound to repair the conduit.*

The defendant conveyed to the plaintiff's grantor a lot, reserving the right to carry all the water running across the same by a culvert, of a specified size, one-half of which was to be built by the grantee, his heirs and assigns, to within fifty feet of the north line of the lot, and from that point the water was to be conveyed "by an open race, each party to build the one-half of the same." Subsequently, in pursuance of an agreement between the plaintiff and defendant, the plaintiff gave the defendant the right to convey the water by iron pipes along a new and altered course, as a substitute for a portion of the open race. The new pipes were situated below the former race, and were connected with it by a bulk-head. The defendant then placed, inside the portion of the race still left, a closed box for the conveyance of the water, and covered the box with earth.

The plaintiff claimed that this box burst, from the pressure of the water and the action of the frost, and allowed the water to run into the former open race, and that owing to such race being out of repair the water leaked from thence upon his land

In an action by him to recover the damages occasioned thereby, *held*, that the defendant, having himself assumed to construct the closed race, could not allow it to fall into delapidation and then claim that the plaintiff was without remedy.

That the fact that the defendant had a right to call on the plaintiff for one-half of the expense of keeping the structure in repair did not relieve him from the obligation to see that proper repairs were made.

That assuming that the plaintiff might, under the deed, have repaired the race, and recovered one-half of the expense of so doing from the defendant, yet such remedy was cumulative only and was not a bar to an action for damages, nor did it relieve the defendant from his duty as the owner of the easement over the plaintiff's land, of keeping the same in repair, or relieve him from liability for the damages occasioned by his failure so to do.

MOTION for a new trial on a case and exception, ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff, rendered at the circuit.

The action was brought to recover damages occasioned by the leaking of water from a conduit, or race, running across the plaintiff's lands, which race it was claimed that the defendant was bound to repair.

The plaintiff purchased the premises subject to the defendant's right to have the water flow across the land, which right had been reserved in a deed of the land from the defendant to one Smith, the plaintiff's grantor, by the following clause : "The said parties of the first part reserving to themselves, their heirs and assigns all the water that now runs or may run across the said lot hereby conveyed, and the right to carry all of said water that may run across said lot by a culvert, said culvert to be three feet wide and three feet high in the clear, said Smith, his heirs and assigns is to build the one-half of said culvert, the aforesaid described culvert to extend northerly from the main springs to within fifty feet of the north line of the within described lot, the water to be conveyed the fifty feet by an open race, each party to build the one-half of the same."

Subsequently, at the request of the defendant, an arrangement was consummated between the parties by which, by the provisions of a deed executed by Fritcher and wife to Anthony, the direc-

tion of the water-course, and the manner of conveying the water through the race, was changed for a portion of the way, the plaintiff giving the defendant the right to convey the water by iron pipes along the new and altered course, and the defendant releasing said portion of the old course to the plaintiff. Except as to the last mentioned provisions of this deed, its provisions were considered by the court in the following opinion as not affecting the decision of this case.

The new iron pipes were laid lower than the old open race, and were connected with it by a perpendicular bulk-head in the form of a square box about eight feet in height.

The defendant then also laid within the remaining old open race a closed one, connecting it with the upright bulk-head connecting the old and new courses.

Evidence was given tending to show that the water-course along the old site, after being closed at the top, leaked somewhat, and under pressure of the water, and the action of the frost and weather, continued to leak worse, until streams of water flowed across plaintiff's premises, and between and about his mills and dwelling house, washing out earth and causing great inconvenience and damage.

*L. II. Jackson*, for the plaintiff.

*A. B. Coons* and *S. L. Mayham*, for the defendant.

LEARNED, P. J. :

We think the judge properly refused to receive evidence of the acts of the plaintiff's son, until some proof had been given that the son acted by the plaintiff's authority.

The defendant excepted to the charge, that the defendant, having assumed to build the race, and to construct it entirely himself, could not allow it to fall into dilapidation, and then claim that the plaintiff was without remedy, and that there is no omission of duty on the part of the plaintiff which constitutes a defence in this respect.

The deed from Anthony to Smith, under whom the plaintiff claims, contained a reservation of a right to carry water across

the lot by a culvert, of which Smith was to build one-half. The culvert was to extend to within fifty feet of the north line of the lot. The water for that fifty feet was to be conveyed in an open race, each party to build one-half thereof. The complaint alleges that the defendant has suffered this conduit, or race-way, to leak and be out of repair. It appears that, after the plaintiff went into possession, the defendant made another race-way, about fourteen inches square, closed, and put it inside of the open race-way and covered it with earth.

The plaintiff argues that the closed race-way burst with the pressure and frost, and caused the leaking. This explains the charge of the learned justice that, as the defendant assumed to build, not an open but a closed race-way, for his own benefit, he was not justified in allowing it to fall into dilapidation, and then to claim that the plaintiff was without remedy.

The defendant's counsel, however, insists that, by the deed of Fritcher to Anthony, Anthony is to make good all the leaky pipes, after reasonable notice, and that if he neglect, Fritcher shall do this at his expense. But an examination of that deed shows that that agreement refers to certain pipes of cement, metal or wood, which it was thereby provided that Anthony might lay down. Connected with these pipes, a bulk-head might be erected and a hydraulic ram set up. And while it is not easy to understand, from the printed case, the exact bearings of all these privileges, yet it seems plain that the complaint does not allege any imperfection in the pipes, but only in the race-way. And it does not seem that the agreement in the deed of Fritcher to Anthony respecting the pipes was intended to change the arrangement in the deed of Anthony to Smith, respecting the race-way and the repair thereof by the parties in common.

The learned justice further charged that, by the deed of Fritcher to Anthony, the plaintiff might repair the bulk-head, and charge half the expense to the defendant; that that was a cumulative remedy, and that it did not follow that, because he did not make the repairs, he is not entitled to recover damages in this action. To the charge that this was a cumulative remedy the defendant excepted.

The plaintiff's counsel insists that this was a misapprehension

of the learned justice, and that the deed contained no such provision ; and also that the deed of Anthony to Smith contained no provision as to the bulk-head, but only as to the race-way. It seems, that the bulk-head is not expressly mentioned in the first deed. In the second it is mentioned, but no express statement is made as to its repair. Whether or not it is included in the term "race-way," or in the term "pipes," we need not now examine. The plaintiff was satisfied with the change, as it stated that the right to repair and charge one-half to the defendant was only a cumulative remedy.

The question presented then is this : Assuming, for the present, that the bulk-head is included in the race-way, and that the learned justice intended to refer to the first instead of the second deed, is the agreement that each party shall build one-half of the open race-way cumulative, so that the defendant may yet be liable for damages occasioned by leaking.

Now, it is to be noticed that this privilege of taking the water across the plaintiff's land is for the defendant's benefit. And there is no reason why he should not be liable, if he has, in the language of the learned justice, unjustifiably omitted to keep the structure in good repair. We do not see that a right to call on the plaintiff to pay half the expense of repair relieves the defendant from the obligation so carefully stated in the language of the charge.

The defendant had, by these deeds, an easement, or servitude, over the plaintiff's land. And the general rule as to servitudes is that there is no obligation on the owner of the servient property to do any act, but only to allow another to do some act, or to refrain from doing some act himself. (Dig., 8, 1, 15, 1.) Upon general principles, therefore, it would not be the duty of the plaintiff to construct the race-way, or the bulk-head, or pipes. And if, by the term of the deed, the plaintiff is to build half the race-way, or is allowed to repair the pipes, at the defendant's cost if they leak, still we must construe these provisions as not taking away the duty of active care for the structure from the defendant. As the learned justice stated, he should have called on the plaintiff to join him in the construction or in the repair. It is not necessary to say what the effect of a refusal to join in such repair would be. For that question is not presented. . . .

If, as the defendant claims, the plaintiff should himself have made the repairs and sued the defendant for the amount, the defendant might utterly neglect the matter and throw on the plaintiff the whole burden of keeping in order a structure used for the defendant's own benefit. And, if the defendant were irresponsible, the plaintiff might be unable to recover anything for thus repairing.

There are several cases cited by the defendant to the effect that a party cannot recover, when his own neglect has caused the damage, or when he has not taken ordinary care. But, in the view taken above, these cases do not apply. No question was raised as to the rule of damages, or as to the obligation of the plaintiff to prevent unnecessary injury. And, if the right to this easement for his own benefit imposed on the defendant the active duty of keeping it in repair, we see no ground to question the correctness of the charge in those respects to which only the defendant excepted.

We think the motion for a new trial should be denied, and judgment given for the plaintiff on the verdict, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Motion for new trial denied, and judgment ordered for plaintiff on verdict, with costs.